## Margaret Houlihan, Administratrix, Appellee, v. Sulzberger & Sons Company, Appellant.

### Gen. No. 21,960.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLINTON F. IRWIN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed March 26, 1917.

### Statement of the Case.

Action by Margaret Houlihan, as administratrix of the estate of Frank A. Houlihan, deceased, plaintiff, against Sulzberger & Sons Company, defendant, to recover damages for the death of plaintiff's intestate charged to have been caused by defendant's negligence. From a judgment for plaintiff for $6,500, defendant appeals.

MOSES, ROSENTHAL & KENNEDY, for appellant; HAMILTON MOSES and HENRY JACKSON DARBY, of counsel.

JAMES C. MCSHANE, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. NEGLIGENCE, § 25*—*when servant of contractor is not trespasser or licensee.* In an action to recover damages for the death of plaintiff's intestate, where it appeared that the deceased's employer had contracted with the defendant to repair the smokestack on defendant's building by tightening a loose band thereon, in the course of which work the deceased used a "fire ladder" placed on the outside of the building and running to the roof, and which had been used freely by defendant's employees in and about their work and was convenient for such use in ascending to the roof, and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the contract between the deceased's employer and defendant did not provide for the construction of any permanent building or ways upon the premises or the furnishing of any material and was for relatively unimportant repair work merely, *held* that it was the duty of defendant to use reasonable care to furnish deceased with a safe means of access to the roof, and deceased was not a trespasser nor a mere licensee in using such ladder for the purpose of doing the work of his employer, notwithstanding the ladder was placed on the building as a fire escape.

2. NEGLIGENCE, § 187*—*when evidence is sufficient to show that death of employee of contractor was due to defective condition of ladder.* In an action against the owner of a building to recover for the death of a servant while working for a contractor on defendant's building, evidence *held* sufficient to sustain the finding that the accident producing the injuries from which plaintiff's intestate died was caused by the rotten condition of the ends of two rungs near the top of a ladder on the outside of defendant's building which broke when the deceased was standing thereon while engaged in his employment.

3. MASTER AND SERVANT, § 191*—*what are questions for jury in action against owner of building for death of employee of contractor.* In an action against the owner of a building to recover damages for the death of an employee of a contractor, where deceased employee lost his life through the defective condition of a certain ladder on the building, *held* that the questions whether the defendant could fairly be charged with actual or constructive notice of such defective condition, and whether such condition could have been discovered by competent inspection and whether the ladder was properly constructed were for the jury.

4. LIMITATION OF ACTIONS, § 68*—*what does not constitute statement of new cause of action.* Where an original declaration charged that plaintiff's intestate while working for his employer on defendant's building was engaged in and "about the placing and repair of a certain large smokestack," and an amended declaration charged that the deceased was engaged in the fastening of "one end of a guy wire to an iron band that encircled and was clamped to" the smokestack, *held* that the evidence warranted a finding that the band referred to was a part of the smokestack, and that the amended declaration did not state a new cause of action, and that a plea of the statute of limitations would not lie against the charge of negligence in either declaration, in an action to recover damages for death from injuries incurred while in such employment.

5. WORKMEN'S COMPENSATION ACT—*when right of recovery*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*against third person not barred.* Payment by an employer of compensation under the Workmen's Compensation Act of 1911 on account of injury or death sustained by an employee due to the negligence of a third person is no bar to recovery from a third person of damages on account of such injury or death.

6. WORKMEN'S COMPENSATION ACT—*when employer subrogated to rights of employee against third person.* Under the Workmen's Compensation Act of 1911, an employer who pays compensation on account of an injury or death sustained by an employee by the negligence of a third person is subrogated to the employee's rights against such person to the extent of such payment.